Vantine A. JAMES, Executor, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. Civ. 76–0–261.

United States District Court, D. Nebraska.

March 30, 1978.

Thomas F. Hoarty, Jr., Omaha, Neb., for plaintiff.

Max H. Lauten, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

SCHATZ, District Judge.

Plaintiff, Vantine A. James, Executor of the Estate of Marie O. Neal, brought this action for refund of estate taxes paid following an I.R.S. deficiency assessment on one-third interests in two trusts which Mrs. Neal had helped to establish for her grandchildren. Each party filed a motion for summary judgment (Filing Nos. 10 and 17), and following a hearing on the motions, the matter is now before the Court for determination.

Under the provisions of the Internal Revenue Code, the value of trust assets transferred by a decedent during her lifetime are to be included in her gross estate for estate tax purposes if the decedent retained at the time of her death the right to designate the person entitled to enjoy the assets or income therefrom (I.R.C. § 2036), or the power to alter, amend, revoke or terminate the trust (I.R.C. § 2038). The parties agree that if at the time of her death, Mrs. Neal could have named herself as trustee of the two trusts, she possessed these powers and so the assets must be included in her gross estates.

> Each trust agreement provided in part: Grantors reserve the right . . . to make such further changes in this declaration of trust as the grantors deem proper respecting the management of the trust estate such as the character and form of the investments to be made, changing the trustee, and such other changes as in the grantors' opinion would be for the best interest of the beneficiaries . . . .

Paragraph 13 of the trust instruments provides:

> Anything containing (sic) herein to the contrary notwithstanding, it is the express intention of the grantors herein that this instrument be an irrevocable trust, and that the property transferred to the trustee hereunder be an outright gift in trust as of the date hereof, for the benefit of the beneficiaries provided for herein, and in no way inure to the benefit of the grantors herein.

The trusts at issue were created in 1941 and 1943, by the decedent, her husband and her only son. Mr. Neal died in September, 1949. Mrs. Neal, the decedent whose estate tax is at issue here, died in July, 1969. The only surviving grantor, their son, now lives in California.

Plaintiff concedes for the purposes of his motion for summary judgment that the grantors reserved the right to appoint themselves as trustees and contends that this power did not survive the death of Mr. Neal in 1949. Plaintiff, therefore, contends that as a matter of law, Mrs. Neal could not at the time of her death have appointed herself trustee and that the assets of the trust should not be included in her gross estate.

■ The existence and scope of a power to appoint a trustee must be determined in accordance with the state laws governing the trust. *Durst v. United States,* 559 F.2d 910, 911 (3d Cir. 1977). Each side in its respective brief indicates that while Nebraska law is controlling, there are no Nebraska cases regarding the question of survival of a power to appoint a trustee. The Nebraska Supreme Court has recognized in *Massey v. Guaranty Trust Company,* 142 Neb. 237, 5 N.W.2d 279 (1942), that powers are to be construed in this state according to principles of the common law.

At common law it was generally recognized that:

> As a general rule where a power is conferred on two or more persons and it is dependent on their judgment whether or not it shall be exercised, the power is a special confidence in their combined judgments, and the concurrence of both or all is necessary to a valid exercise of the power.

72 C.J.S. Powers § 35. *See also* 62 Am. Jur.2d, Powers, Section 32, citing *Peter v. Beverly,* 10 Pet. (U.S.) 532, 9 L.Ed. 522.

In the instant case, the parties do not argue that the power contained in the trust instruments to change the trustee was anything other than a power jointly held by the three grantors.

At common law it was also generally recognized that jointly held powers could not be exercised by the survivors following the death or incompetency of one of the holders of the power unless the instrument creating the power provided that the power might be exercised by the survivors or unless the power was coupled with an interest, *i. e.,* the persons holding the power also possessed some proprietary right in the subject matter over which the power was to be exercised. *See Wilson v. Snow,* 228 U.S. 217, 223–25, 33 S.Ct. 487, 57 L.Ed. 807 (1913); *In Re Solomon's Estate,* 332 Pa. 462, 2 A.2d 825 (1938); 72 C.J.S. Powers § 35; 62 Am.Jur.2d Powers, Section 33.

In the instant case there is no provision in either trust instrument for the exercise of a power by the survivors following the death of one grantor. The trust instruments also specify that the grantors did not intend to retain any interest, either existing or contingent, in the trust property. Thus, the plaintiff contends that the power to change the trustee did not survive the death of Mr. Neal in 1949.

The defendant contends that an interest beneficial to the trust itself is sufficient to cause the power to survive without the necessity that the interest be beneficial to the holder of the power. The only authority relied upon by the defendant for this proposition is the case of *Wilson v. Snow, supra.* In that case the decedent appointed his wife and his brother executrix and executor of his will. Following the death of the brother, the wife conveyed certain properties and the parties subsequently contended that she was not empowered to do so under the terms of the will. The Court stated at 228 U.S. 223–24, 33 S.Ct. 490:

> Reading this will as whole, it is clear that the powers survived because coupled with an interest. It is true that the will did not specifically give the executors any interest in the land, nor was the word "trust" used by the testator. But the power to sell was coupled with the active and continuing duty of managing the property, making disposition thereof, and changing investments *for the advantage of his family.* Debts were to be paid and the executors were to care for the slaves. If in their discretion it became necessary, "my executor and executrix hereinafter named" were to sell all of the property and reinvest the proceeds in good stocks or otherwise; "in fact to exercise a sound discretion in the management, disposition and investment of my said estate [for the benefit and advantage of] my wife and children." This was not a mere naked power to sell, but created an interest or raised a trust which would preserve the power to sell without regard to whether the interest was beneficial to the executors or not. For it is "the possession of a right in the subject over which the power is to be exercised that makes an interest" or creates "an authority coupled with an interest" which "survives for the purpose of effecting the object of the power." (Emphasis added.)

This case supports the proposition that a power coupled with an interest survives since the remaining executrix under the will was one of the persons beneficially interested in the disposition of the property. The Court held in the alternative that a constructive trust was created and that the power to sell was a necessary power to effect the objectives of the trust. Thus, the rule proposed by defendants that an interest beneficial to the trust is sufficient to cause the power to survive is true in the context of the power being held by the trustee. In the instant case, of course, we are not dealing with the trustee but with the grantor of the trust. Thus, the rule cited by the defendant is not applicable in this context. Rather, the general rule that the power must be coupled with a proprietary interest in the property subject to the power, as cited by the plaintiff, is controlling.

From a reading of the trust documents, it appears that no proprietary interest was retained by the grantors. In accordance with the dictates of *Massey v. Guaranty Trust Company, supra,* the principles of the common law, therefore, dictate that the power to change the trustee was extin-

guished upon the death of one of the joint holders of the power. Accordingly, we find that there is no genuine issue as to any material fact and that as a matter of law, the decedent did not retain at the time of her death the power to name herself as trustee of either of the two trusts. Accordingly, the trust assets need not be included in the estate of the decedent and the plaintiff is entitled to summary judgment on his claim for refund of taxes paid on those assets.

A separate order will be entered this date granting summary judgment for the plaintiff and denying defendant's motion for summary judgment.